**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | BANKRUPTCY NO. 08-2751 |
| AGRIPROCESSORS, INC., ) | |
| ) | |
| Debtor. ) | |
| ) | |
| JOSEPH E. SARACHEK, ) | |
| in his capacity as ) | |
| CHAPTER 7 TRUSTEE, ) | ADVERSARY NO. 10-09202 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DANIEL SCHREIBER ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

The Chapter 7 Trustee brought this adversary proceeding against Defendant, Daniel Schreiber, alleging Defendant received fraudulent conveyances or preferential transfers in the amount of $115,624.55. Defendant contends that Trustee's Complaint fails as a matter of law and that Defendant is entitled to summary judgment on his affirmative defenses. The Court held a hearing on the matter. Angela Campbell appeared on behalf of Defendant, Daniel Schreiber. Dan Childers appeared on behalf of Trustee, Joseph E. Sarachek. After hearing the

parties' arguments, the Court took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F).

## STATEMENT OF THE CASE

Trustee's Complaint seeks to recover $115,624.55 under 11 U.S.C. § 547(b) in preferential transfers Defendant received from Agriprocessors or recovery of those amounts as fraudulent transfers under § 548. Defendant moved for summary judgment arguing that Trustee's claims all fail as a matter of law. In particular, Defendant claims the affirmative defenses of § 547(c) entitle him to judgment as a matter of law as there are no genuine issues of material fact. Trustee does not resist summary judgment on the fraudulent transfer claims. Trustee argues only that there are genuine issues of material fact on Defendant's affirmative defense claims. The Court finds that genuine issues of material fact remain in regard to the applicability of the affirmative defenses and denies Defendant's Motion for Summary Judgment.

## BACKGROUND

Debtor owned and operated one of the nation's largest kosher meatpacking and food-processing facilities in Postville, Iowa. On November 4, 2008, Debtor filed a Chapter 11 petition in the Bankruptcy Court for the Eastern District of New York. Debtor's bankruptcy petition and accompanying documents recited that its financial difficulties resulted from a raid conducted by U.S. Immigration and

2

Customs Enforcement. A total of 389 workers at the Postville facility were arrested. The raid led to numerous federal criminal charges, including a high-profile case against Debtor's President, Sholom Rubashkin. Debtor's Petition also stated it had over 200 creditors and assets and liabilities in excess of $50,000,000.00.

The court eventually approved the appointment of Joseph E. Sarachek as the Chapter 11 Trustee. The court concluded that appointing a trustee was necessary in part "for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management" under § 1104(a)(1). After hearings in a later proceeding, the court transferred the case to this Court on December 15, 2008. This Court eventually converted the case to a Chapter 7 bankruptcy. The U.S. Trustee for this region retained Mr. Sarachek as the Chapter 7 Trustee.

Trustee brought this action against Defendant seeking recovery of preferential transfers and/or fraudulent conveyances. Defendant is the proprietor of a catering business, Five Star Caterers. His business specializes in kosher catering. It is based in Teaneck, New Jersey. Defendant had previously purchased meat from Agriprocessors. With the exception of the loan and repayment transfers in question, discussed fully below, Defendant had little additional business relationship with Agriprocessors and little personal contact with Mr. Rubashkin.

3

Defendant made two loans to Agriprocessors in the year leading up to bankruptcy. Defendant loaned a total of $400,000.00. He made one loan on January 16, 2008, for $300,000 with interest at 10% per annum. He made another loan on August 6, 2008, for $100,000.00 with interest at 15% per annum. Each loan was memorialized in a promissory note that required Agriprocessors to make regular payments on the principal and interest. The loans were not secured.

Trustee seeks recovery of $115,624.55 as preferential transfers Defendant received from Agriprocessors under the promissory notes in the ninety-day period before Debtor's bankruptcy. Unlike many other proceedings in this bankruptcy, the payments were made on schedule and for the agreed amount.

Defendant has moved for summary judgment arguing Trustee's claims fail as a matter of law. After Defendant produced the promissory notes in this litigation, Trustee appears to have abandoned the fraudulent transfer claim. As for the preferential transfer claim, Defendant relies on two affirmative defenses to the preference claims under § 547(c). First, he argues he received all $154,249.70 of payments in the "ordinary course of business" and is entitled to summary judgment on Trustee's entire claim. Alternatively, he argues he provided "new value" after receiving some of the payments that would significantly limit Trustee's recovery. Trustee argues that genuine issues of material fact preclude the Court from granting summary judgment on these defenses.

4

## I. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is governed by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Rule 7056 applies Federal Rule of Civil Procedure 56 in adversary proceedings. Rule 56 states, in relevant part, that: "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The granting of "[s]ummary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." Hayek v. City of St. Paul, 488 F.3d 1049, 1054 (8th Cir. 2007). Summary judgment is appropriate when only questions of law are involved. Podkovich v. Glazer's Distribs. of Iowa, Inc., 446 F. Supp. 2d 982, 995 (N.D. Iowa 2006) (quoting Aucutt v. Six Flags Over Mid-America, Inc., 85 F.3d 1311, 1315 (8th Cir. 1996)).

The burden of showing there are no genuine issues of material fact belongs to the moving party. Winthrop Res. Corp. v. Eaton Hydraulics, Inc., 361 F.3d 465, 468 (8th Cir. 2004). "Once the movant has supported the motion, the non-moving party 'must affirmatively show that a material issue of fact remains in dispute and may not simply rest on the hope of discrediting the movant's evidence at trial.'" Schnittjer v. Houston (In re Houston), 385 B.R. 268, 271 (Bankr. N.D. Iowa 2008)

(quoting Barge v. Anheuser-Busch, Inc., 87 F.3d 256, 260 (8th Cir. 1996)). "When a moving party has carried its burden under Rule 56(c), the party opposing summary judgment is required under Rule 56(e) to go beyond the pleadings, and by affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial." G.E. Capital Corp. v. Commercial Servs. Grp., Inc., 485 F. Supp. 2d 1015, 1022 (N.D. Iowa 2007) (quotations omitted) (emphasis added).

"A 'material' fact is one 'that might affect the outcome of the suit under the governing law . . . .'" Johnson v. Crooks, 326 F.3d 995, 1005 (8th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). An issue of material fact is genuine if a reasonable fact-finder could return a verdict for the nonmoving party on the question. Anderson, 477 U.S. at 252. Evidence that raises only "some metaphysical doubt as to the material facts" does not create a genuine issue of fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Blocker v. Patch (In re Patch), 526 F.3d 1176, 1180 (8th Cir. 2008) (quoting Matsushita, 475 U.S. at 587)).

## II. DEFENDANT'S AFFIRMATIVE DEFENSES REGARDING PREFERENTIAL TRANSFERS

Defendant argues his two affirmative defenses under § 547(c) entitle him to

6

judgment as a matter of law on the transfers. Defendant claims that the transfers fall within the "ordinary course of business" defense of § 547(c)(2). Defendant also claims his liability on the transfers is significantly mitigated by the "new value" defense of § 547(c)(4).

### A.   Ordinary Course of Business

Section 547(c)(2) prohibits the Trustee from avoiding a transfer made for a debt the debtor (1) "incurred by the debtor in the ordinary course of business," and (2) paid "in the ordinary course of business" of the debtor and transferee or "according to ordinary business terms." 11 U.S.C. § 547(c)(2); Schnittjer v. Pickens (In re Pickens), Bankr. No. 06-01120, Adv. No. 06-09166, 2008 WL 63251, at * 3 (Bankr. N.D. Iowa 2008) (citing Harrah's Tunica Corp. v. Meeks (In re Armstrong), 291 F.3d 517, 527 (8th Cir. 2002)). The first part of the test—that the debt was "incurred in the ordinary course"—looks at the course of dealings between the parties and their distinct businesses. See Armstrong, 291 F.3d at 527. The second part looks at industry practice. Id. If the first element is dispositive, the Court need not address the second. See Pickens, 2008 WL 63251, at *4.

"This exception was intended to leave undisturbed normal financial relations, because it does not detract from the general policy of the preference section to discourage unusual action by either the debtor or his creditors during the debtor's slide into bankruptcy." Union Bank v. Wolas, 502 U.S. 151, 160 (1991)

7

(quoting H.R. Rep. No. 95-595, at 373 (1977)).  "In contrast, a debt will be considered not incurred in the ordinary course of business if creation of the debt is atypical, fraudulent, or not consistent with an arms-length commercial transaction."  Speco Corp. v. Canton Drop Forge, Inc. (In re Speco Corp.), 218 B.R. 390, 398 (Bankr. S.D. Ohio 1998) (citing Pioneer Tech., Inc. v. Eastwood (In re Pioneer Tech., Inc.), 107 B.R. 698, 702 (B.A.P. 9th Cir. 1988); Huffman v. N.J. Steel Corp. (In re Valley Steel Corp.), 182 B.R. 728, 735 (Bankr. W.D. Va. 1995); McCullough v. Garland (In re Jackson), 90 B.R. 793, 794 (Bankr. D.S.C. 1988); see also Shodeen v. Airline Software, Inc. (In re Accessair, Inc), 314 B.R. 386, 393 (B.A.P. 8th Cir. 2004) (stating that "unusual" practices are not ordinary).

The Court must determine whether the debt repayment was "typical compared to both parties' past dealings with similarly-situated parties."  Pickens, 2008 WL 63251, at * 3 (citing Wood v. Stratos Prod. Dev. (In re Ahaza Sys., Inc.), 482 F.3d 1118, 1125 (9th Cir. 2007); Kleven v. Household Bank F.S.B., 334 F.3d 638, 643 (7th Cir. 2003)).  Debtor argues that because this was the first financing arrangement between the parties, there is no clear standard that the Court can apply to the parties' dealings.  There were simply no "normal financial relations" between them.  This Court determined in Pickens that a debt incurred from a family member who had no prior history of lending was not a debt incurred in the ordinary course of business.  Pickens, 2008 WL 63251, at *4.  The Court

8

reached this decision in light of the novelty of the transaction in Pickens. The financing arrangement was an irregular arrangement for each party and not part of their regular dealings. Id. Even if a transaction was truly at arm's length, the Eighth Circuit has determined that debts from atypical financing relationships are not protected. See Armstrong, 291 F.3d at 527.

Thus, in this case, even if Debtor received loans from other customers—and it could be characterized as part of the ordinary course of Debtor's business, the record is not clear whether providing such financing was within the Defendant's ordinary course of business. Defendant's prior relationship with the Debtor was that of trade creditor, not financier; his position is much like the first time lender in Pickens. Absent the Defendant showing in the undisputed record that he regularly provided financing to other suppliers from whom he had purchased meat or some other evidence of this being an ordinary arrangement, this Court cannot grant summary judgment to Defendant.

## B.    New Value Advanced Post-Transfer

Defendant also relies on the "new value" exception of § 547(c)(4). The section provides that the Trustee's recovery is limited "to the extent that, after such [preferential] transfer, such creditor gave new value to or for the benefit of the debtor." 11 U.S.C. § 547(c)(4). Defendant argues that the second loan he gave to

9

Agriprocessors, on August 6, 2008, followed the first and provided new value which falls within the statutory exception.

At best, Defendant last provided new value on August 6, 2008. The ninety-day pre-petition period for preferential transfers began on August 8, 2008. The Trustee has never attempted to recover in the one-year insider period, and seeks to recover only those payments made within the ninety-day pre-petition period. Thus, each of the transfers in question to Defendant was made after new value was given. In order to mitigate recovery, the Defendant must prove that he gave new value after receiving a transfer—not that the Defendant received a transfer after giving new value. Kroh Bros. Dev. Co. v. Continental Construction Engineers (In re Kroh Bros.), 930 F.3d 648, 652 (8th Cir. 1991). While it is certainly questionable whether this new value exception can even be asserted based on the Code's plain application, it is certain that Defendant has not carried his burden of showing he is entitled to summary judgment here.

## CONCLUSION

Defendant has failed to establish there are no genuine issues of material fact on the affirmative defenses he asserts under § 547(c). Defendant is entitled to summary judgment on the § 548 claim, which Trustee did not resist.

**WHEREFORE** Defendant's Motion for Summary Judgment on his fraudulent transfers claim is GRANTED.

**FURTHER**, Defendant's Motion for Summary Judgment on his affirmative statutory defenses under § 547(c) to the Trustee's preferential transfer complaint is DENIED.

Dated and Entered: March 27, 2013

_____
**THAD J. COLLINS, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT**